MARY C. LEDBETTER ET AL. v. M. BELLE HIGBEE ET AL.

No. 2301.

**1.   Judgment as Muniment of Title Against One Not Party Thereto.**

Where the legal title to land was in R., and a judgment was rendered in an action to which R. and E. were parties, by which the title of R. was divested and vested in E., in a subsequent contest between E. and a stranger to that action, claiming under a prior equitable transfer, the judgment will be admissible as a muniment of title.

**2.   Practice on Appeal—Bill of Exceptions—Issue not Raised.**

Where a bill of exceptions to the admission in evidence of a judgment shows merely that appellants introduced evidence "tending to establish" that the defendant in the judgment was dead at the time of its rendition, it does not properly raise the question presented in an assignment based thereon, urging the invalidity of the judgment because of such death.

**3.   Bona Fide Purchaser Protected.**

One who purchases the legal title to land, for value, without notice of a prior equitable interest, will be protected.

**4.   Judgment Against Deceased Party Not Void, When—Collateral Attack.**

Where, in a collateral action, a judgment is offered in evidence as a muniment of title, it will not be held void upon proof that the defendant in such judgment was dead at the time of the institution of the suit which resulted in the judgment.

**5.   Land Certificate—Patent Passes Legal Title to Assignee.**
  Where one obtains title by judgment to a land certificate which has been already located, the legal title to the land passes to him on the subsequent issuance of patent to the original grantee of the certificate.

Appeal from Tarrant.   Tried below before Hon. W. D. Harris.

*Husbands & Carlowitz*, for appellants.—1.   A judgment is not admissible in evidence against strangers to it, for the purpose of proving by its introduction some fact as found by the verdict, or upon the supposed existence of which the judgment is founded.   McCamant v. Roberts, 66 Texas, 253; Waters v. Spofford, 58 Texas, 123; Overand v. Menzes, 83 Texas, 125; Bertrand v. Bringham, 13 Texas, 257; Forster v. Powers, 64 Texas, 249; Black v. Black, 62 Texas, 298; Cryer v. Anderson, 11 Texas, 181; Musselman v. Strohl, 83 Texas, 481; Starkie on Evidence, secs. 315, 316; Black on Judgments, secs. 600, 604; Freeman on Judgments (4 ed.), sec. 154.

  2.   A stranger to a judgment, who is not bound by it, may impeach the same, collaterally, even when parties or privies would not have this privilege.   Pierce v. Strickland, 26 Maine, 277, 293; Caswell v. Caswell, 28 Maine, 232, 237.

  3.   A suit commenced and prosecuted against a dead man gives the court no authority to enter judgment against him; the judgment is void as to the dead man.   Williamson v. Hudson, 93 Mo., 524–528; Bollinger v. Chonteous, 20 Mo., 89; Bragg v. Thompson, 19 S. Car., 572–576; District Township v. Independ. Township, 63 Iowa, 188; Remington v. Samana Bay Co., 140 Mass., 494–501; Freeman on Judgments, 4 ed., sec. 153.

*John W. Friend, V. O. Hildreth, Hunter & Stewart* and *O. S. Kennedy*, for appellees.—1.   The judgment rendered in the case of M.P. Ellis v. W. M. Robinson, wherein the land certificate, by virtue of which the land in question was located, was decreed to Ellis, being regular upon its face, is conclusive, and imports absolute verity, and cannot in a collateral proceeding of this kind be impeached by any matters of facts shown aliunde.   Fitch v. Boyer, 51 Texas, 336; Treadway v. Eastburn, 57 Texas, 209; Long v. Freeman, 59 Texas, 212; Ball v. Williams, 52 Texas, 603; Wilkerson v. Shoemaker, 77 Texas, 615; Tinnell v. Breedlove, 54 Texas, 543; Hardy v. Beaty, 84 Texas, 562.

  2.   The judgment of a court of general jurisdiction cannot be collaterally impeached by showing that the defendant in said judgment was in fact dead at the time the same was rendered.   Denni v. Elliott, 60 Texas, 339; Mills v. Alexander, 21 Texas, 162; Giddings v. Steels, 28 Texas, 755; Taylor v. Snow, 47 Texas, 462.

  3.   The judgment in the case of Ellis v. Robinson, rendered in 1858, is not void, although said Robinson was dead at the time it was rendered; but is voidable only, and is binding on parties and privies until vacated and set aside by a direct proceeding, and is not subject to collateral attack.

Mills v. Alexander, 21 Texas, 163; Moke v. Brackett, 28 Texas, 446; Pullen v. Baker, 41 Texas, 420; Milam Co. v. Robertson, 47 Texas, 233; Taylor v. Snow, 47 Texas, 464; Grassmeyer v. Beeson, 18 Texas, 746; Thouvenin v. Rodrigues, 24 Texas, 481; Bohannon v. Harris, 26 Texas, 449; Giddings v. Steele, 28 Texas, 754; Foster v. Wells, 4 Texas, 104; Weathered v. Mayo, 4 Texas, 337; Neil v. Faris, 9 Texas, 256; Bowers v. Chaney, 21 Texas, 363; Webb v. Mallard, 27 Texas, 80; Stevens v. Geiser, 71 Texas, 140; Pishaway v. Runnels, 71 Texas, 354.

TARLTON, Chief Justice.—Suit in trespass to try title brought by the appellants against the appellees to recover a one-third league of land in the name of William Robinson, lying partly in Tarrant and partly in Parker County.

Plaintiffs claim under one William M. Logan. The defendants and appellees claim under William Robinson, their title originating in a judgment against him in favor of M. P. Ellis.

The land was located by virtue of headright certificate No. 19, issued in 1838 by the Board of Land Commissioners of Liberty County. to William Robinson. The location was made in 1857, the field notes being returned in that year to the General Land Office, and therein duly filed. The patent was issued on the 2d day of December, 1876, in the name of William Robinson.

On December 20, 1836, William Robinson executed an obligation to William M. Logan, the ancestor of the plaintiffs, in the sum of $500, "conditioned, that whereas, the above mentioned William M. Logan has this day bought of the above named William Robinson his head right for one-third of a league of land, the same to which he is entitled as a settler, etc., for the Republic of Texas, now should said Robinson make a good and complete title to said William M. Logan at such time as he may be required to do, then and in that case the above obligation to be null and void; otherwise to remain in full force and effect. It is hereby understood and agreed, that in the event that said one-third of a league of land should not be obtained from the Republic of Texas, then and in that case the said Robinson is to repay to said Logan the sum received, with interest, the sum paid by said Logan being $75." Of this instrument the defendants or those under whom they claim had no notice, actual or constructive, until its registration in Tarrant County in 1894.

In the District Court of Tarrant County, at its summer term, 1858, a suit for specific performance, entitled M. P. Ellis v. William Robinson, was determined. The defendant, as appears from the recitals in the judgment, was served with notice by publication, as required by law. He made default, and upon the verdict of a jury, a writ of inquiry having been awarded, it was adjudged and decreed that the plaintiff recover a full and perfect transfer to the certificate in question. This judgment was recorded in Tarrant County October 11, 1877, and in Parker County February 10, 1881.

The defendants have title by a regular chain of transfers, through deeds emanating from M. P. Ellis. It is unquestioned that they purchased for a valuable consideration, taking conveyances of the land without notice, actual or constructive, of the claim of the appellants.

*Opinion.*—Assignments of error presented by the appellants require that we consider whether the court erred in admitting in evidence over the objection of the plaintiffs the judgment of the District Court of Tarrant County rendered in the case of M. P. Ellis v. Wm. Robinson, heretofore set out. We consider only the objection urged in the bill of exceptions. This was to the effect that the judgment was not admissible as a basis for the defense of innocent purchaser for value: 1. Because "it does not appear that plaintiffs or Wm. M. Logan, his heirs, or the ancestors of plaintiff, or anyone under whom plaintiffs claim, were parties to this proceeding in which said decree was rendered, and that the suit in which said decree was rendered was instituted long subsequent to the sale and transfer of the certificate by Wm. Robinson to plaintiffs' ancestor, Wm. M. Logan, by virtue of which certificate the land in controversy was located, and plaintiffs are in no way bound, affected or concluded by said decree;" 2. Because the evidence introduced by the plaintiffs tended to show that Wm. Robinson died in 1845, and that inasmuch as Tarrant County was created on the 20th December, 1849, and organized on the 5th August, 1850, the proceedings culminating in said decree must have been instituted subsequent to the death of said Wm. Robinson, and such being the case the court did not acquire or have jurisdiction to render said decree, and said decree was a nullity."

1. Were the persons named, Wm. M. Logan or his privies, necessary parties to the judgment to render it admissible as a basis for the defense named? We think not.

It will be noted that at the date of the judgment and of the institution of the proceedings which culminated in it, the legal title to the certificate was in Wm. Robinson. "The legal title is in him or the heirs of him who is the grantee on the face of the conveyance." Edwards v. Brown, 68 Texas, 332.

The plaintiffs or their ancestor Logan had at most the equitable or beneficial interest in the certificate, arising out of the agreement by Robinson to transfer to Logan. This instrument was not in itself a transfer of the certificate, which had not at its date been issued, but was an undertaking to transfer. Now, as said in McCamant v. Roberts, 66 Texas, 263, "If it be shown that A had title to land at a given time, and that subsequently a decree was rendered in an action to which A and B were parties, by which the title of A was divested and vested in B, in a contest between B and a stranger to that action the decree will be admissible."

Hence, as the legal title to the certificate was in Wm. Robinson at the rendition of the judgment, it was not necessary that the appellants or their ancestor Logan should be parties to that judgment, in order to

pass to Ellis the legal title to the certificate. The citation of authority is unnecessary, we apprehend, to sustain the proposition, that if one purchase the legal title for value, without notice of an equitable interest, he will be protected.

2. The second ground is regarded by us as untenable. If the fact that Robinson was dead at the time of the institution of the suit by Ellis and of the rendition of the judgment in his favor would justify us in condemning the judgment as an absolute nullity, the fact of death should at least be established.

The bill of exceptions does not apprise us that such a fact was established, but merely that the appellants had introduced evidence tending to establish it. This is not regarded by us as sufficient to properly raise the question urged in the assignment. The fact that the judgment was rendered imports, prima facie at least, that all the parties interested were living at the date thereof; that the court inquired into matters of this character, and ascertained that it had jurisdiction. Hardy v. Beaty, 84 Texas, 562.

We are unable to say that this presumption was overcome in the mind of the judge who tried this case, because the plaintiff in this instance introduced evidence tending to a contrary conclusion.

If, however, it had appeared from the bill of exceptions that Robinson was dead at the time referred to, we could not hold that the judgment was void for that reason. In Taylor v. Snow, 47 Texas, 462, a contrary doctrine has been announced in this State, and this court is unwilling to overrule the decision in that case. Powell v. Heckerman, 6 Texas Civ. App., 304, 307.

By the judgment against Robinson the legal title to the certificate was transferred to Ellis; and as the certificate had at that time been located, the legal title to the land passed also to him on the subsequent issuance of the patent. Abernathy v. Stone, 81 Texas, 434; Lindsey v. Freeman, 83 Texas, 267.

As it is not questioned that the appellees, or their vendors, purchased from Ellis, the holder of the legal title, for value and without notice of the claim of the appellants, the court correctly sustained their defense; and the judgment is affirmed.

*Affirmed.*

Delivered April 18, 1896.

Writ of error refused.

HUNTER, Associate Justice, did not sit in this case.