BAKER v. STEPHENSON et al.   (No. 5448.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1915.)

1. JUDGMENT ⬥486—COLLATERAL ATTACK—DIVORCE—DIVISION OF PROPERTY.

A judgment approving the partition made of property in a divorce suit is conclusive on collateral attack in a subsequent action in trespass to try title, where, though voidable, it is not void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 919, 920–923; Dec. Dig. ⬥486.]

2. DIVORCE ⬥83 — VALIDITY — DEATH OF PARTY—EFFECT—VALIDITY OF DECREE.

Where the husband died before commissioners appointed in a divorce suit to partition community property made their report, a decree entered thereafter approving their report, without legal representatives of the deceased being made parties, was voidable but not void.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 269–272; Dec. Dig. ⬥83.]

3. DIVORCE ⬥255 — JUDGMENT—RECITALS—CONCLUSIVENESS.

A recital of the judgment confirming the report of commissioners, appointed in a divorce suit to partition property, that the parties had agreed on the disposition as made, was conclusive in a subsequent proceeding in trespass to try title to recover land allotted to the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 722–724; Dec. Dig. ⬥255.]

Appeal from District Court, Leon County; S. W. Dean, Judge.

Action by T. F. Baker against Johnie J. Stephenson and others. From the judgment, plaintiff appeals. Affirmed.

Wm. Watson, of Centerville, for appellant.

CARL, J. Appellant sued Johnie J. Stephenson and her husband in trespass to try title to recover 154 acres of land in Leon coun-

ty and being a part of Leander Burns survey, and alleged that J. T. Boykin was common source of title. The trial was before the court, and judgment was in favor of appellant for an undivided one-fifth, and four-fifths in favor of appellees.

A. D. Keils conveyed the land to J. T. Boykin June 25, 1866. J. T. Boykin and his wife, Mary L. Boykin, were divorced on the 24th day of November, A. D. 1870, in the district court of Leon county. The paragraph in that decree touching the property matter is as follows:

"And it is further ordered by the court that the sum of $322.60 be and the same is adjudged due from plaintiff to defendant as her alimony, being one-half of the property now owned by plaintiff, and, if not paid to the said defendant by 1st of January next, T. J. Oden and F. M. Eldridge are hereby appointed to partition and divide the property in question between the said plaintiff and defendant equally, and that costs of said suit be equally divided between the said plaintiff and defendant, for which let execution issue."

The date when J. T. Boykin and Mary L. Boykin were married does not appear. He was killed about the 25th or 26th of December, 1870, or about one month following the divorce. The plaintiff (appellant) deraigns title through Mattie Boykin, the only child of J. T. and Mary L. Boykin, while appellees deraign title through Mary L. Boykin and her four children by J. M. Purvis, her second husband. These children by the second marriage are William, Albert, Sam, and G. C. Purvis.

On July 18, 1871, the commissioners, appointed at the November term, 1870, in the divorce decree, filed in court the following report, which, it seems, was adopted by the court:

"J. T. Boykin v. Mary Boykin.

"District Court, Leon County, July Term, 1871.

"July 28, 1871.

"The commissioners appointed at a former term of this court to partition the property heretofore owned by the said Boykin and wife during their marriage, between the said J. T. Boykin and the said Mary Boykin equally, having filed their report, the same is approved, and ordered to be entered of record as the judgment of the court:

" 'The State of Texas, County of Leon.

" 'To the Judge of the District Court in and for Said County:

" 'We, the undersigned, commissioners appointed by this honorable court at the November term thereof, 1870, to partition the community property belonging to J. T. Boykin and Mary Boykin, formerly his wife, would beg leave to report as follows: That by and with the consent of the parties interested in said estate we have assigned and set apart to said Mary L. Boykin their homestead in said tract, containing one hundred and fifty-four acres of land, situated in the northwest corner of a grant to Leander Burns of 1,280 acres of land on the waters of Buffalo creek, commencing at the N. W. corner of said grant and running east on the northern line far enough to include the said J. T. Boykin's premises; thence south far enough

---

to include the said 154 acres. The remainder of said estate is set apart to said J. T. Boykin. All of which is respectfully submitted, this 31st day of January, A. D. 1871.

"'[Signed] T. J. Oden,
" 'F. M. Eldridge, Com.
" 'Filed the 18th July, 1871.
" 'Walter A. Patrick, Clk. D. C. L. C.' "

No limitation title is shown on either side of the controversy. Mattie Boykin married Robert Harrell, and appellant acquired whatever interest he has by his deed through mesne conveyance from Mattie and Robert Harrell. Mary L. Boykin died about 1895.

If the land was the separate property of J. T. Boykin, then upon his death it would all descend and pass to his daughter, Mattie Boykin-Harrell. Rev. Stats. art. 2461 (P. D. 3419). But, if it was community property, then upon the death of J. T. Boykin his one half would pass to Mattie, his daughter, and the other to his wife. And when Mrs. Boykin, afterwards Purvis, died in 1895, her interest would pass to the four Purvis children and Mattie Boykin-Harrell in equal shares. In other words, if the land was community property, and the orders of the district court of Leon county did not dispose of same, then Mattie Harrell would have been entitled to one-half, or her father's interest, plus one-fifth of her mother's half, or in all she would then be entitled to six-tenths of the whole. But, if the order of the court vesting title to all the 154 acres was valid and binding, the appellant would be entitled to an undivided one-fifth in the whole tract, and the court's judgment in this case would be correct.

[1] Unless the judgment of the court awarding the land to Mrs. Boykin, in confirmation of the commissioners' report, is void, then it cannot be collaterally attacked, and the trial court's judgment in this case is correct.

[2] Our examination of the authorities shows that it is the rule that, where the suit was filed after the death of a party, the judgment would be void; but where the death occurs subsequent to the filing and service, but before final judgment, the decree would not be void but merely voidable. This matter was fully discussed by Judge Williams in M. T. Jones Lumber Co. v. Rhoades, 17 Tex. Civ. App. 665, 41 S. W. 102, as well as in authorities therein cited. And Judge Fly so held in Campbell v. Upson, 81 S. W. 358, and in Lutcher v. Allen, 43 Tex. Civ. App. 102, 95 S. W. 576. The Jones v. Rhoades Case, supra, was by the Galveston Court of Civil Appeals, but the Supreme Court refused a writ of error. It is there held that the judgment of the court is conclusive proof of the jurisdiction of the court and cannot be impeached by proof of the death of the party before judgment, as was done in this case. See, also, Mills v. Alexander, 21 Tex. 154; Ledbetter v. Higbee, 13 Tex. Civ. App. 271, 35 S. W. 801; Kager v. Vickery, 49 L. R. A. 156, note.

The writer confesses that he is not able to see the logic or justice of the rule, for it seems that death ought to stay even the strong arm of the law until the legal representatives of the deceased are made parties. But such is the law.

[3] The judgment confirming the report of the commissioners recites that the parties had agreed on the disposition so made of the property, and that judgment is conclusive. For aught this court knows, J. T. Boykin may have been unable to pay the moneyed judgment rendered in the divorce proceeding and agreed in writing to the disposition made by the court. Every presumption will be indulged in favor of that judgment.

This being true, the land became the property of Mary L. Boykin, and on her death her five children inherited it in equal parts. Therefore the judgment, giving the appellant a one-fifth undivided interest in the land, is correct.

The judgment is affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes