FANNIE BOEHME v. SOVEREIGN CAMP OF THE WOODMEN
OF THE WORLD.

Decided June 29, 1904.

**Benefit Certificate—Suicide—Record of Coroner's Inquest— Evidence.**

In an action upon a death benefit certificate, contaiing a provision avoiding the certificate in case of suicide within three yea.'s after its issuance, it was reversible error to admit in evidence the record of the inquest held over deceased at which the coroner found that death was caused by suicide, the findings of a coroner's inquest not being conclusive of the facts found.

Appeal from the District Court of Brazos. Tried below before Hon. J. C. Scott.

*A. C. Brietz, W. T. Young,* and *V. B. Hudson,* for appellant.

*Doremus & Butler,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit by appellant to recover upon a death benefit certificate issued by appellee to Otto Boehme, the deceased husband of appellant, and payable to her. The appellee defended upon the ground that Otto Boehme committed suicide within three years after the issuance of the certificate, and therefore the certificate by its expressed terms was void. The issues of suicide and of accidental death are both raised by the evidence.

Upon the trial in the court below appellee was permitted, over the objection of appellant, to introduce in evidence the record of the inquest proceedings held over the body of Otto Boehme which contains a finding by the coroner that the deceased, Otto Boehme, committed suicide.

This record was clearly inadmissible as evidence upon the issue of suicide, and the action of the trial court in overruling appellant's objection to its introduction requires a reversal of the judgment. The findings of a coroner in an inquest proceeding have none of the conclusive effects of a judgment. Such proceedings are designed by the statute for the purpose of aiding in the detection of crime, and the findings of the coroner are never admissible as evidence of the truth of the facts found. If the finding of the coroner that Otto Boehme committed suicide could for any purpose be given the effect of a judgment, such finding would not be admissible against appellant, because she was not a party to the proceedings. McCamant v. Roberts, 66 Texas, 260.

For the error above indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*