## EMPIRE GAS & FUEL CO. v. LONE STAR GAS CO. [*]

(Circuit Court of Appeals, Fifth Circuit. February 19, 1924.)

### No. 4113.

Specific performance ⊜⇒37—That agreement signed by president was not to become binding until ratified by directors held defense to specific performance.

That an agreement was signed by defendant's president, under an agreement between defendant's president and complainant's representative that it was not to be binding on defendant, unless it was approved by defendant's attorney and ratified by its board of directors, and that it was not so approved or ratified, *held* a defense to a suit for specific performance.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Bill for specific performance by the Empire Gas & Fuel Company against the Lone Star Gas Company. From a decree dismissing the bill (289 Fed. 826), complainant appeals. Affirmed.

Francis Marion Etheridge, of Dallas, Tex. (Etheridge, McCormick & Bromberg, of Dallas, Tex., on the brief), for appellant.

Harry P. Lawther, Karl F. Griffith, and Alex Pope, all of Dallas, Tex., for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing appellant's bill for the specific enforcement of an alleged written contract between it and the appellee. The appellee denied that the instrument sued on was its contract. That instrument, which was signed in the appellee's name by its president, was never authorized or ratified by the board of directors of either appellant or appellee. The appellee set up the defense that the instrument sought to be enforced was signed by its president under an agreement between him and appellant's representative that it was not to be binding upon the appellee unless it was approved by the appellee's attorney and ratified by its board of directors, and that it was not so approved or ratified. Evidence adduced sustained that defense. The opinion rendered by the District Judge (289 Fed. 826, 830) shows that his findings were in accordance with that phase of the evidence.

In behalf of the appellant it is contended that the appellee was estopped to defend on any ground other than that the contract is violative of the Texas anti-trust statute, because its attorney disapproved of the contract on that ground alone, and agreed that that question be determined in a friendly suit. There was evidence to the effect that the attorney's disapproval of the contract was based on grounds which included others than the one mentioned. The court's expressed conclusions were in accordance with that evidence. There was an absence of proof that appellee's attorney was authorized to bind it by such agreement. We are not of opinion that the evidence was such as to require a finding that the mentioned ground of estoppel existed

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[*]Rehearing denied April 1, 1924. Certiorari denied 44 Sup. Ct. 459, 68 L. Ed. —.

in fact, assuming that it would have been good in law, if it had been well founded in fact. We do not think that the evidence adduced was such as to require the conclusion that appellee ever consented to be bound by the instrument sought to be enforced. It follows that error was not committed by the dismissal of the bill seeking the enforcement of the alleged contract.

The decree is affirmed.