**LARSON et al. v. STERLING MUT. LIFE INS. CO.**

No. 10831.

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1939.

Rehearing Denied Dec. 14, 1939.

Harry D. Larson and Emanuel Roos, both of Eagle Lake, for appellants.

G. H. Miller, of Columbus, for appellee.

CODY, Justice.

Having affirmed the judgment of the trial court on the original hearing on the grounds that appellants' cause was barred, it was not necessary to state the facts. Our disposition of the motion for a new trial now requires that a full statement be made.

This is an action by appellants against appellee to cancel two companion contracts on two different grounds. First, that they were consummated in fraud; second, that they were ultra vires and illegal on the part of the defendant.

The following statement, taken substantially from appellants' brief, we consider accurate, though somewhat extended:

On or about the 7th day of October, 1935, Harry D. Larson, plaintiff below, sued appellee, and on May 20, 1938, he filed his fourth amended original petition, upon which the court ruled on the questions of law involved, and in substance alleged, first, that on or about the 19th day of July, 1930, the Sterling Mutual Life Insurance Company, through its agent approached Nellie Buffington Larson, wife of plaintiff, in Colorado County, Texas, with knowledge that she was dealing with community funds, and with the purposes and designs of securing from her the sum of $200 of community funds and inducing her to enter into and sign a contract (which was attached to said pleading), and fraudulently represented to her that the appellee was organizing a Life Insurance Company; that it was soliciting $200 apiece from its policy holders and would issue stock in the new company for the money; that the company was then in process of organization. That she believed said representations, and had no way of ascertaining their untruthfulness, and relying upon and believing said representations and statements she paid on said date to the defendant $200 of community funds of plaintiff and his wife, and entered into the said contract, and if she had known that said representations and statements were not true she would not have paid the defendant the said $200 or entered into said contract.

That on or about the 21st day of March, 1932, the appellee through its agent, L. A. Miller, again approached Nellie Buffington Larson, in Colorado County, Texas, with knowledge that she was dealing with community money, and with the purposes and designs of securing from her the sum of $200 of community money of plaintiff and his said wife, and inducing her to enter into and sign a contract (which was likewise attached to said pleading), fraudulently represented and stated to her that the appellee was soliciting another $200 from the policy holders to provide more capital stock for the company which they were organizing and that they would send her stock for the money as soon as he, L. A. Miller, returned to the office in Houston, Texas; that she believed said representations and had no way of ascertaining their untruthfulness, and relying upon said statements and representations she paid to defendant $200 of community money and entered into the said contract. That defendant failed to deliver stock but delivered two instruments styled Certificates of Indebtedness instead and that said instruments had no value at the time they were delivered, that they are not binding obligations on defendant and that on their face they impute no value.

That plaintiff did not consent to his wife paying to appellee the sums of $200 on each of the said mentioned dates, that he had no knowledge of her paying appellee the said sums of money or of her entering into the said contracts, or any information that would put him on inquiry until on or about the 5th day of July, 1935,

when his wife advised him and told him of said contracts and the payment of the said $200 on each of the said dates; that plaintiff immediately wrote appellee and repudiated her contracts, tendered back the instruments styled Certificates of Indebtedness and demanded a return of the money, which defendant failed and refused to do.

As a second ground for recovery plaintiff alleged in substance that appellee is a Mutual Life Insurance Company incorporated under Chapter Seven, Vernon's Annotated Civil Statutes, Titled Mutual Life Insurance Companies, and is governed by and its authority and powers are regulated by Articles 4800 to 4819 therein, and as such entered into a contract with plaintiff's wife, Nellie Buffington Larson, on or about the 19th day of July, 1930, which in substance and omitting the formal and unnecessary parts, recites, first, that it is the desire of the contributors to their surplus fund that the Sterling Mutual Life Insurance Company be converted into a stock company and that they receive stock in the new company for the money they contributed. Second, the contributors agree to receive stock with a par value of 50% of the amount of money contributed. Third, the officers and board of directors of appellee agree that when they have secured $200,000 in contributions they will submit to the policy holders the proposition of converting appellee into a stock company and if the policy holders vote to convert it into a stock company the wishes of the policy holders will be carried out and the stock of the new company issued to the contributors with a par value of 50% of the amount of the contributions. Fourth, that they have received $200 from Nellie Buffington Larson for the purpose of promoting or conserving appellee's business. Fifth, that the money received was to be and become the unconditional property of appellee. Sixth, that it may be repaid to the contributors after the company (Sterling Mutual Life Insurance Company) has set aside a free surplus of $10,000.

That appellee again approached Nellie Buffington Larson on or about the 21st day of March, 1932, and entered into another contract containing the same provisions as the contract entered into on July 19, 1930.

That under and by virtue of said contracts plaintiff's wife paid the appellee the sum of $200 on each of the above named dates; that it was community money of plaintiff and his wife; that plaintiff did not consent to his wife paying appellee the said sums of money or consent to her entering into said contracts; that he had no knowledge of said contracts or of his wife paying the said sums of money to appellee; that he had never ratified or approved said contracts and that he repudiated said contracts as soon as he became aware of them; that the defendant has not delivered any stock for the money so paid or advanced or given anything else of value; that the contracts are wholly executory; that they are illegal, ultra vires, indefinite, contradictory, uncertain and ambiguous, setting out the parts of the contract which were alleged to be conflicting. Plaintiff further alleged that the real contract entered into between his wife and appellee provided that the Sterling Mutual Life Insurance Company was to raise $200,000 and organize a Life Insurance Company and issue stock with a par value of 50% of the amount of money paid. Plaintiff set out seven instruments in writing, alleging that instruments 3 and 4 formed the first contract and instruments 3 and 7 formed the second contract, and instruments 1, 2, and 5 and 6 were contemporaneous writings with instruments 3, 4 and 7; that they were all between the same parties and dealt with the same subject matter, the organization of a Life Insurance Company.

Plaintiff tendered into court the parts of the contracts styled Certificates of Indebtedness, offered to do equity, alleged that he had been damaged in the sum of $400, prayed for a cancellation of the several contracts that his wife had entered into with appellee; that he have judgment against appellee in the sum of $400 with 6% interest on the several sums of money from the dates they were received by appellee.

In the alternative, if the monies alleged to be community funds were shown to be the separate property of plaintiff's wife, or property over which she has control, she, the said Nellie Buffington Larson, joins with plaintiff, her husband, adopting the allegations as set out, and alleged that she had been damaged by said contracts in the sum of $400, plus 6% interest upon the said several sums from the date they were received by appellee, and that it is justly indebted to her in the sum of $400, plus 6% interest on the several sums of money from the dates they were received by it. She prayed for a cancellation of said contracts, that they be set aside and held for

naught, and offered to do equity, and plaintiff and wife, Nellie Buffington Larson, prayed for a judgment against appellee for $400 and 6% interest on the sums of money heretofore mentioned from the dates they were received by said appellee, for the use and benefit of her separate estate.

Appellee answered, and leveled special exceptions at plaintiff's petition, one ground of which was directed to the first count in the petition and their substance was to raise the issue of estoppel by contract in bar of and as an objection to plaintiff's allegation of fraud and misrepresentations. One exception, leveled at the second count of the petition, objected to the consideration of certain of the instruments pled as contemporaneous writings. Another group of the exceptions was leveled at the second count in the petition, the substance of which is: that the contracts speak for themselves and plaintiff should not be permitted to vary them by parol evidence or put his interpretations upon them. Other exceptions were addressed to the petition as a whole and raised the issue of the 2 and 4 year statute of limitation. Vernon's Ann.Civ.St. arts. 5526, 5527.

Upon a hearing by the court on the exceptions, the court sustained them, and plaintiff declining to amend, the court dismissed the suit.

Upon the submission of this case we affirmed the judgment of the trial court on the ground that the two-year statute of limitation applied. We have concluded that we were in error, and that this suit is one to which the four-year statute applies. Where a plaintiff alleges that he was fraudulently induced to subscribe for stock, and his allegation further shows the purpose to recover what he has paid and to repudiate the contract, the suit is really for rescission and for the restoration of the status quo, and the two-year statute is not applicable. Clark v. Texas Co-op. Inv. Co., Tex.Com.App., 231 S.W. 381. The allegations bring the case within the ruling of the Clark case, and Causeway Inv. Co. v. Nass, Tex.Com.App., 111 S.W.2d 703, does not require us to hold otherwise. The petition is sufficient in other respects to make out a prima facie case. Sterling Mutual Life Ins. Co. v. Larson, Tex.Civ. App., 99 S.W.2d 1013. Estoppel by contract cannot apply where the contract was induced by fraud, for the defense of fraud relates back to the inception of the matter; and admission of the proof of deceit in making contemporaneous and collateral promises is not to vary the terms of the written instrument procured by such means, but to show facts which prevented such written instrument from taking effect as a binding obligation. King v. Wise, Tex.Com.App., 282 S.W. 570.

We have concluded that the court erred in sustaining the special exceptions. Appellants have alleged a cause of action on which evidence is admissible.

Motion for rehearing is granted, the judgment of the court below is reversed and the cause is remanded, and our former opinion is withdrawn.

Motion granted.