**W. K. EWING CO., Inc., v. KRUEGER.**

**No. 10950.**

Court of Civil Appeals of Texas. San Antonio.

May 28, 1941.

Rehearing Denied June 18, 1941.

See, also, Tex.Civ.App., 139 S.W.2d 836.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by W. K. Ewing Company, Inc., against A. W. Krueger seeking specific performance of a purported contract of sale of the San Gabriel Apartments located in San Antonio, Texas.

The trial was to a jury. In answer to special issues, the jury found that Krueger did not authorize Mr. Greer to make an unconditional offer of $52,000, in cash and notes, to Ewing Company for the San Gabriel Apartments, that Krueger did not ratify and confirm Mr. Greer's offer of $52,000, in cash and notes, for the San Gabriel Apartments, by his letter of April 12, 1938, that on April 12, 1938, Frank Wolff (president of W. K. Ewing Company, Inc.) stated to Krueger, in substance, "I will not hold this letter against you" (referring to the letter of April 12, 1938), that Krueger relied upon this statement of Frank Wolff, that Frank Wolff, on or about April 12, 1938, stated to Krueger, in substance, "I only want this letter to show my directors that I am on the job" (referring to the letter of April 12, 1938), and that Krueger also relied upon this statement. Judgment was rendered pursuant to the jury findings that W. K. Ewing Company, Inc., take nothing by its suit against A. W. Krueger, and from that judgment W. K. Ewing Company, Inc., has prosecuted this appeal.

Appellant's first proposition is as follows: "The plaintiff sued upon an absolute and unconditional written contract, as ratified in writing by the defendant, to purchase the plaintiff's real estate, and the court should have instructed a verdict for the plaintiff on the contract as ratified, and should not have allowed the oral testimony of the defendant to control the effect of the terms of this written contract."

The record shows that on or about March 30, 1938, one W. V. Greer wrote to appellant the following letter, to-wit: "I hereby offer you $52,000 for the San Gabriel Apartments, the purchase price to be paid $27,000 in cash and the balance to be represented by a note for $25,000, bearing interest at the rate of 5% per annum, payable $1,250, plus interest, semi-annually, the maker to have the privilege of prepayment in multiples of $1,000 on any interest paying date, provided such prepayment is tendered with sixty days unearned interest."

On April 6, 1938, appellant wrote to appellee as follows: "Confirming our telephone conversation of this day, we have accepted your offer to purchase the San Gabriel Apartments."

On April 12, 1938, appellee signed a letter prepared by Mr. Frank Wolff, president

of W. K. Ewing Company, Inc., which reads as follows:

"W. K. Ewing Co., Inc.
  "San Antonio, Texas
    "Attention of Mr. Frank Wolff
"Gentlemen:

"I have heretofore agreed to purchase from you, and you have agreed to sell to me the property known as the San Gabriel Apartments for a total consideration of $52,000.00, of which $27,000.00 will be paid in cash, and the balance of the purchase price represented by a note secured by deed of trust in the amount of $25,000.00, said note to bear an interest rate of 5% per annum, and be payable $1,250.00, plus interest, semi-annually, I, as the maker, to have the privilege of prepayment in multiples of $1,000.00 on any interest paying date by paying sixty days penalty interest.

"Since the making and acceptance of the above offer, I have made a thorough inspection of the property which you own, known as the Magnolia Terrace Apartments, and it is my preference to purchase this latter property for a total consideration of $60,000.00, of which $27,000.00 shall be paid in cash, and the balance of $33,000.00 to be represented by a note secured by deed of trust bearing an interest rate of 5% per annum, payable $1,675.00 plus interest, semi-annually, I, as the maker, to have the privilege of prepayment in multiples of $1,000.00 on any interest paying date by paying a sixty day penalty interest.

"Please let me have your decision not later than Friday, April 15.
    "Yours very truly,
        "(Signed)  A. W. Krueger"

Appellee testified concerning the signing of this letter, that he and Mr. Greer came to San Antonio and saw Mr. Wolff. Mr. Wolff wanted him to sign a contract and put up earnest money. This he refused to do. Wolff then called his stenographer and dictated the letter of April 12th and asked appellee to sign it. First he refused, but after much conversation and Wolff's statement that he only wanted the letter to show his board he was on the job, and that he, Wolff, would not hold the letter against appellee, appellee signed the letter. Krueger further testified that he did not authorize Greer to make a written offer of $52,000 for the San Gabriel Apartments.

■ The question presented is: Was this parol evidence admissible? We con-

clude that it was. It will be remembered that this is a suit in equity for specific performance of an alleged contract to purchase real estate. Appellant, coming into court seeking equity, must do so with clean hands and must be prepared to do equity. If appellee's testimony is true (the jury found that it was), after he had refused to sign a formal written contract, after he had refused to put up earnest money, and after he had explained that he would not be in a position to enter into a contract to purchase real estate from appellant until he had sold his Victoria property, appellant, acting through its president, Mr. Wolff, induced appellee to sign the letter of April 12th, upon the statement that he only wanted it to show to his board, and that he would not hold it against appellee. In the face of these facts appellant here seeks to use this letter to compel appellee to purchase certain real estate. Under such circumstances, can it be said that appellant is coming into a court of equity with clean hands offering to do equity? We think not. Riggins v. Trickey, Tex.Civ.App., 102 S.W. 918; King v. Wise, Tex.Com.App., 282 S.W. 570; Larson v. Sterling Mutual Life Ins. Co., Tex.Civ.App., 134 S.W.2d 717; Bankers Life & Loan Association v. Pitman, Tex.Civ.App., 115 S.W.2d 1008; Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S.W. 873; Rapid Transit Co. v. Smith 98 Tex. 553, 86 S.W. 322; Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39; Standard Motor Co. v. Miller, Tex. Civ.App., 45 S.W.2d 786; Storey v. Storey, 7 Cir., 214 F. 973; Bell v. Mulkey, Tex. Com.App., 16 S.W.2d 287.

■■ Appellant next complains that the jury findings were insufficient to support a judgment for appellee, because over its objection the jury were not also required to find (1) that the representations were material, (2) that they were false or untrue, (3) that they were made to induce the contract, and (4) that at the time of making the statements Wolff did not intend to carry them out. We cannot agree with this contention. As before stated, this was an equitable proceeding. Specific performance of a contract is not granted as a matter of right, but whether or not such relief will be granted is addressed to the discretion of the chancellor, and where it is apparent that it would not be just to grant such relief it will be denied. The findings of the jury establish as a fact that appellee was induced to sign this letter upon a representation of

Wolff, president of appellant, that the letter would not be used against him and that he only wanted it to show his board of directors that he was on the job, and but for such representation appellee would not have signed such letter. Under such circumstances, the trial court certainly did not abuse his discretion in refusing the equitable remedy of specific performance. United States Gypsum Co. v. Shields, Tex.Civ.App., 106 S.W. 724; Bourland v. Huffhines, Tex.Civ.App., 244 S.W. 847; Powers v. Sunylan Co., Tex.Com. App., 25 S.W. 808; Riggins v. Trickey, Tex.Civ.App., 102 S.W.918; Empire Gas & Fuel Co. v. Lone Star Gas Co., 5 Cir., 296 F. 699.

The judgment of the trial court will be affirmed.