**Leon WILSON, Appellant,**

v.

**ESTATE OF Asie Lee WILSON, Deceased, Appellee.**

**No. 19838.**

Court of Civil Appeals of Texas, Dallas.

April 23, 1979.

Rehearing Denied May 23, 1979.

Hugh O. Mussina, Dallas, for appellant.

Noel C. Ice, S. G. Johndroe, III, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from a probate court's order denying an application to probate a holographic will. The application was denied on the basis of jury findings of undue influence and lack of testamentary capacity. At trial, evidence in the form of a prior judgment was introduced. We hold that the trial court erred in admitting this judgment into evidence, since it recited a finding of fact on an issue similar to the main issue in the present case and was, therefore, prejudicial. Accordingly, we reverse and remand.

Appellee Lewis Wilson's exhibit no. 7 consisted of a judgment rendered in a prior lawsuit between appellant Leon Wilson and appellee in his capacity as next friend of the decedent. In that suit the next friend sought to cancel a deed signed by the testatrix on the ground of undue influence by her son Leon Wilson who is now charged with undue influence in procuring the execution of her will. The judgment incorporated special issues submitted to the jury and the answers to these issues. Among the issues recited was the following: "Do you find from a preponderance of the evidence that on or prior to the execution of the quitclaim deed dated May 31, 1973 that defendant Leon Farris Wilson substituted his own will and desires for those of his said mother Asie Lee Wilson plaintiff herein?" The jury answered this issue affirmatively. Appellant objected to the introduction of this judgment on the basis that the judgment was hearsay and that it contained factual conclusions found by another jury in a different lawsuit. The trial court overruled this objection and allowed the judgment to be read in its entirety to the jury.

The general rule in Texas is that a judgment is always admissible in evidence for the purpose of showing the facts of its own existence. *McCamant v. Roberts*, 66 Tex. 260, 1 S.W. 260 (1886). It is not admissible, however, to show what matters were adjudicated unless the parties and the subject matter in both suits are the same or the matter determined is of a public nature and should be considered binding on all persons. *Allen v. Great Liberty Life Insurance Co.*, 522 S.W.2d 247, 251 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.); *Davis v. Zapata Petroleum Corp.*, 351 S.W.2d 916, 922 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). In *Davis*, the court stated:

> In general, a judgment in another cause finding a fact now in issue is not admissible. The fact that another jury had theretofore, in another case, determined the very questions at issue in the present trial would have had a strong tendency to induce the jury in the subsequent case to reach the same conclusion, and would therefore have been very prejudicial. Such judgment, under the well settled rules, could not have been introduced in evidence to establish the facts on which it was rendered. 351 S.W.2d at 922.

Applying the above standards, we hold that the trial court erred in admitting the entire judgment into evidence. The subject matter of this case is different than that of the prior case. This cause involves a will contest whereas the prior lawsuit involved a sale of land. Since one of the

key issues in the case at bar is the question of undue influence by appellant-proponent of the will on the same person that the jury in the prior case found to have been unduly influenced by him, this answer is highly prejudicial. We hold that the prejudicial effects of the inadmissible evidence probably resulted in the rendition of an improper verdict. Tex.R.Civ.P. 434; *Allen v. Great Liberty Life Insurance Co.*, 522 S.W.2d at 251.

 Appellee has presented a counterpoint which must be addressed for the benefit of the trial court on remand. He argues that the trial court erred in refusing to admit his exhibit no. 2 into evidence. This exhibit is a contest to an application filed by appellant to have the decedent declared mentally incompetent. It appears that the trial court refused to admit this on the basis that it was barred by the Texas Deadman's Statute, Tex.Rev.Civ.Stat.Ann. art. 3716 (Vernon 1926),[1] or alternatively, that this is a statement by the decedent and is not admissible for the purpose of proving undue influence. We disagree.

Article 3716 does not prevent parties from relying upon written instruments executed by the decedent as a basis of either recovery or defense; it only prevents the parties themselves from testifying concerning transactions with the decedent. *Newsom v. Fikes*, 153 S.W.2d 962, 964 (Tex.Civ. App.—Fort Worth 1941, writ ref'd). Thus, the written contest was not barred by article 3716. As to appellant's second argument, the applicable rule is set out in *Scott v. Townsend*, 106 Tex. 322, 166 S.W. 1138 (1914). The court held that the testator's declarations indicating his feelings toward beneficiaries named in the will are admissible as an aid in determining the issue of free agency in making the will. In *Robinson v. Stuart*, 73 Tex. 267, 11 S.W. 275 (1880), both undue influence and mental capacity were in issue and the court stated

that the declarations of the testator in a letter written before the execution of the will were admissible to demonstrate hostility toward a beneficiary. In this case, the contest of the application for guardianship was filed prior to the making of the holographic will and was clearly indicative of the testatrix' feelings toward the proponent. Thus, we hold that appellee's exhibit no. 2 was admissible in evidence and the trial court erred in refusing to admit it.

We decline to address the other points raised by appellant since we reverse and remand this cause for a new trial.

---

1. Article 3716 states: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of the decedent arising out of any transaction with decedent.