**ESTATE of Asie Lee WILSON, Deceased, Petitioner,**

v.

**Leon WILSON, Respondent.**

No. B–8598.

Supreme Court of Texas.

Oct. 3, 1979.

Cantey, Hanger, Gooch, Munn & Collins, S. G. Johndroe, III, Fort Worth, for petitioner.

Hugh O. Mussina, Dallas, for respondent.

PER CURIAM.

This is an appeal from a probate court's order denying an application to probate a holographic will. The court of civil appeals has reversed and remanded the cause for a new trial because of its conclusion that the admission into evidence of a prior judgment rendered by the district court of Motley County, Texas, constituted harmful error. 581 S.W.2d 729.

The prior judgment admitted in the trial court cancelled a deed from Asie Lee Wilson to Leon Wilson for the reason that it was procured by undue influence. The jury finding of undue influence is recited in that prior judgment. The instant will contest was based on a charge that Leon Wilson also procured the execution of the will of Asie Wilson by undue influence.

The court of civil appeals has held that in Texas a judgment is not admissible to show what matters were adjudicated unless the parties and the subject matter in both suits are the same or the matter determined is of a public nature and should be considered binding on all persons. The court reasoned that since the prior suit concerned a *deed* procured by undue influence and the present suit concerns a *will* procured by undue influence, the subject matter of the two suits is not the same.

While the relationship of the parties to the prior lawsuit, and their opportunity to represent their own interests therein, and the relevancy of the subject matter are important to the admissibility of a judgment, the court of civil appeals failed, to recognize that this judgment became relevant and admissible as a direct result of the actions of Leon Wilson.

The record before us plainly shows that the prior judgment was admitted into evidence only after Leon Wilson had offered, and the court had received, the very deed procured by undue influence as well as the original petition in the prior suit alleging the undue influence. It is undisputed that Leon Wilson was a party to and defended the prior suit which resulted in the cancellation of the deed from his mother.

Tex.Rev.Civ.Stat.Ann. art. 3731a, § 1 provides that "[a]ny written instrument, certificate, record, part of record, return, report,

or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, *so far as relevant*, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions of section 3." Section 3 is not important here, but provides for notice to the adverse party where necessary.

Once Leon Wilson put into evidence the prior deed and the petition in the prior lawsuit, the judgment became relevant and therefore admissible evidence under the clear terms of the statute.

Pursuant to Tex.R.Civ.P. 483, we grant the application for writ of error of the Estate of Asie Lee Wilson, Deceased and, without hearing argument, reverse the judgment of the court of civil appeals and remand the cause to that court for the reason that the decision of the court of civil appeals is contrary to Tex.Rev.Civ.Stat. Ann. art. 3731a, § 1.

The judgment of the court of civil appeals is reversed and the cause is remanded to the court of civil appeals for the consideration of the other points of error raised by respondent Leon Wilson.