**Juan GARCIA, Appellant,**

v.

**DEPENDABLE SHELL CORE MACHINES, INC., Appellee.**

**No. 13–89–318–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 7, 1989.

Christopher Bradshaw–Hull, Browning & Beck, Houston, for appellant.

Iris Hefter Robinson, J. Preston Wrotenberry, Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a third party tort claim arising out of injuries appellant Juan Garcia sustained while operating a sand mixer in the course and scope of his employment. The jury found for appellee, Dependable Shell Core Machines, Inc., and ordered that Garcia take nothing. We affirm.

Garcia was injured while operating a Pacemaster 450 Continuous Mixer (hereinafter "Pacemaster") manufactured by Dependable Shell Core Machines, Inc. (hereinafter "Dependable"). Garcia alleged that Dependable had manufactured the Pacemaster in a defective manner. Furthermore, Garcia alleged in a separate theory of recovery that Dependable was liable on a negligence theory with regard to the design, warnings and use of the Pacemaster.

In his first point of error, Garcia asserts the jury's responses to Questions 2, 4 and 6 are so against the great weight and preponderance of the credible evidence as to be manifestly unjust. Garcia's second point of error alleges the jury's response to Questions 2 and 5 are in irreconcilable conflict.

Garcia had approximately 30 years experience in foundry work prior to his injury. His employer, TRW Mission Manufacturing Company (hereinafter "TRW"), was a foundry utilizing Pacemaster machines in its core-making procedures. The Pacemaster is a large machine which mixes and conditions sand to make sand moldings. TRW employed Garcia for 5 years prior to his injury. He operated a Pacemaster mixer.

On March 6, 1980, Garcia and his co-worker were operating the Pacemaster in the same manner as performed over the previous 5 years. The Pacemaster began making an unusual noise. The TRW foreman instructed Garcia to clean the turbo-blade assembly inside the mixer. Although Garcia stopped the Pacemaster before attempting the cleaning procedure, the machine was reactivated.[1] When Garcia and his co-worker were removing the machine's cone to reach the mixer blades housed underneath, the power caused the cone to spin. The spinning threw Garcia onto a metal sand hopper, causing the injuries from which he complains.

Garcia's first point of error alleges that the jury's answers to Questions 2, 4, and 6 were so against the great weight and preponderance of the credible evidence as to be manifestly unjust.

■ In considering a "no evidence," "insufficient evidence," or "against the great

---

1. The reason for the reactivation of the machine was a pertinent issue. Garcia testified that he did not know if someone had pushed one of the function buttons on the control panel but suggested that the machine's defective design was to blame. Later, Garcia admitted that it was possible that someone could have reactivated the machine. Dependable testified that the functions on the Pacemaster's control panel as well as the machine's micro-switch safety device had been modified so that the machine was not in the same safety condition when it was sold to TRW as a new machine from Dependable's factory. Expert witnesses testified that the micro-switch would have prevented the accident had it been functional. Garcia testified that a Dependable representative was called to fix the same Pacemaster on a prior occasion. The representative worked on the micro-switch for approximately 2 weeks, then when it still would not operate correctly, shook his head and left. Dependable asserted the accident never would have happened had the instructions in the owner's manual been followed and the "main disconnect" (a switch located away from the machine at its power source) been utilized. Garcia testified that his training to operate the machine lasted approximately 2 weeks and he neither read nor was told to use the main disconnect in the cleaning process.

weight and preponderance of the evidence" point of error, we will follow the well established tests set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960). The general rule is that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Kiel v. Texas Employers Insurance Association*, 679 S.W.2d 656, 658 (Tex.App.—Houston [1st Dist.] 1984, no writ). In resolving contradictions and conflicts, the jury may choose to believe all or part or none of the testimony of any one witness in arriving at the finding it concludes was the most reasonable under the evidence. *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 140 (Tex.App.—Corpus Christi 1986, writ denied); *Trevino v. Espinosa*, 718 S.W.2d 848 (Tex.App.—Corpus Christi 1986, no writ); *Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 788 (Tex.App.— Corpus Christi 1984, no writ); *Harker v. Coastal Engineering, Inc.*, 672 S.W.2d 517, 520 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

▮ The first three questions in the court's charge to the jury related to the issue of whether the Pacemaster was a defective product. The jury found Dependable failed to give adequate warnings of the danger or adequate instructions about the cleaning of the turbo blade assembly but in Question 2 found that such failure did not render the Pacemaster unreasonably dangerous as marketed. Questions 4 through 7 related to the issue of whether Dependable was negligent in its warnings or safety instructions for cleaning the Pacemaster. The jury found in Question 4 that Dependable acted as a manufacturer using ordinary care would have done with respect to giving warnings and cleaning instructions for the safe use of the machine. In Question 6, the jury found Gar-

cia negligent on the occasion in question and went on to say in Question 7 that such negligence was the proximate cause of Garcia's injuries. No objections were made to the submission or wording of any of the jury questions.

Garcia contended that although a warning was contained in the instruction manual, there should have been a large and prominent sign instructing the user to turn off the main disconnect before cleaning the Pacemaster. Furthermore, he alleged that the lack of a warning sign and instructions made the machine unreasonably dangerous. Garcia testified that he had followed the same operational and cleaning procedures on the Pacemaster, which TRW had instructed him to perform, twice a day, 210 working days a year for 5 years and had not been injured before. Garcia said that had he been instructed to "pull the main disconnect" before cleaning the machine, he would have done so. Because he had followed standard operating procedure in turning the machine off and had no indication that the power was still on or was reactivated, Garcia contends he was not negligent in cleaning the machine.

Dependable offered evidence that the Pacemaster which injured Garcia had left the manufacturer's hands in good working order and TRW was supplied with a full set of plans, instructions and blueprints. The manufacturer's expert witnesses asserted that Garcia's daily operational procedures, which were not those recommended in Dependable's instruction manual, exposed him to turning mixer blades. Additionally, evidence was offered indicating that the Pacemaster had been modified after Dependable sold it, and that those changes caused Garcia's injuries. Furthermore, Dependable offered evidence that it was not foreseeable that the purchaser would make all of these modifications to the product. Finally, Dependable offered evidence that it was not foreseeable that a purchaser would intentionally bypass a safety mechanism that was built into the machine.

Our review of the record indicates there was substantial conflicting evidence on both the product defect and the negligence

claims. There is evidence to support the jury's verdict. Appellant's first point of error is overruled.

Garcia's second point of error alleges that the jury's response to Questions 2 and 5 are in irreconcilable conflict, and then discusses the irreconcilability of Questions 1 and 4. Our examination of the issues in the Jury Charge, the Motion for New Trial and his brief indicates Garcia challenges the jury's answers to Questions 1 and 4.[2]

▮ In reviewing jury findings for conflict, the threshold question is whether the findings inquire about the same material fact. *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257, 260 (Tex.1980); *Mancillas v. Texas Employers' Insurance Association*, 543 S.W.2d 751, 755 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd Feb. 16, 1977); *Rhoades v. Castillo*, 488 S.W.2d 528 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.). Furthermore, the test for determining whether an irreconcilable conflict between issues exists is whether, taking into consideration the rest of the verdict supported by the evidence, one finding alone requires judgment in the plaintiff's favor and the other finding taken alone requires judgment in the defendant's favor. *Signal Oil & Gas v. Universal Oil Products*, 572 S.W.2d 320, 326 (Tex.1978); *Bender*, 600 S.W.2d at 260; *Equitable Trust Co. v. Roland*, 721 S.W.2d 530, 533 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Southern Pacific Transportation Co. v. Luna*, 707 S.W.2d 113, 122 (Tex.App. —Corpus Christi 1985), *rev'd*, 724 S.W.2d 383 (Tex.1987). An appellate court may not strike down conflicting jury answers if there is any reasonable basis upon which they may be reconciled. *Luna*, 724 S.W.2d at 384; *Bender*, 600 S.W.2d at 260; *Remenchik v. Whittington*, 757 S.W.2d 836, 838 (Tex.App.—Houston [14th Dist.] 1988, no writ). When reviewing a jury's answers, the court is not to determine whether the findings may be viewed as conflicting, but rather, if there is any reasonable basis upon which they can be reconciled. *Remenchik*, 757 S.W.2d at 839.

▮ In the present case, the questions inquire about the warnings or instructions Dependable gave. One issue dealt with warnings under the products liability claim; the other concerned warnings under the negligence claim. These two issues do not ask the same question but do relate to the duty to give warnings. We are able to reconcile the jury answers because each question relates to a different theory of recovery.

When taking into account all of the rest of the verdict and disregarding the jury answer to Question 4, the result is a judgment in favor of Dependable. More specifically, the jury found Dependable failed to give adequate warnings of the danger or adequate instructions for safe use with respect to the cleaning of the turbo-blade assembly. Nevertheless, the jury also found that such failure in adequacy of

---

2. Question number 1 related to the defective product issue and asked:

At the time Dependable–Fordath, Inc. sold the Pacemaster 450 continuous mixer in question, did it fail to give adequate warnings of the danger or adequate instructions for safe use with respect to the cleaning of the turbo blade assembly?

"Adequate warnings and instructions" means warnings and instructions that are given in such form that they could reasonably be expected to catch the attention of the reasonably prudent person in the circumstances of its use; and the content of the warnings and instructions must be of such a nature as to be comprehensible to the average user and to convey a fair indication of the nature and extent of the danger and how to avoid it to a mind of a reasonably prudent person.

There is no duty to warn ultimate users or consumers of dangers that are so clearly obvious as to be apparent even to the most ignorant and uncaring. Likewise, no duty exists to warn of dangers and risk of harm that are common knowledge to the public or to an industry and generally known the consuming public.

Answer: "Yes or No"

Answer: <u>YES</u>

Question number 4 related to the negligence issue and asked:

Did Dependable–Fordath, Inc. fail to give such warnings of the danger(s) or such instructions for safe use with respect to the cleaning of the turbo blade assembly as a manufacturer using ordinary care would have done?

Answer: "Yes" or "No"

Answer: <u>NO.</u>

warnings or instructions did not render the sand mixer unreasonably dangerous as marketed. These findings, standing alone, would have resulted in a verdict for Dependable. The jury also found that Dependable acted as an ordinarily careful manufacturer would have done in giving warnings and instructions on the cleaning of the Pacemaster. This answer standing alone would also have resulted in a verdict for Dependable. We find that the jury's answers do not conflict. Garcia's second point of error is overruled.

The trial court's take nothing judgment is AFFIRMED.