Don **GRENIER** and Clara
**Grenier, Appellants,**

v.

**JOE CAMP, INC., Appellees.**

No. 13–93–417–CV.

Court of Appeals of Texas,
Corpus Christi.

May 4, 1995.

Michael A. Fisher, Gustafson & Venzke, Houston, for appellees.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

Appellants, Don and Clara Grenier, appeal from a take nothing judgment rendered after a jury trial. Appellants filed suit against appellee, Joe Camp, Inc. (herein "Joe Camp"), for fraud, violations of the Deceptive Trade Practices Act, and for breach of express and implied warranties associated with the purchase of a 1989 Ford Aerostar van. In three points of error appellants challenge the propriety of the trial court judgment. Appellants argue that the definition of "new" in the court's charge was improper both as a comment on the weight of the evidence and as a defined non-legal term. Appellant also argues that the jury's finding is so overwhelmingly contrary to the evidence as to be manifestly unjust. We affirm.

On May 23, 1989, appellants visited Joe Camp's dealership seeking to purchase a van. Nick Coladangelo, a Joe Camp salesman, showed appellants several vans including a "demonstrator" Aerostar van having 5500 miles. Appellants eventually purchased this automobile. Coladangelo told appellants that the van would be treated as new so that the new vehicle warranty would apply. A sticker was also attached to the van which stated that it was new. The Greniers asked Coladangelo what problems the van had experienced, and he replied that a scratch and a repaired dent were the only problems. Unknown to appellants, the van had previously been used as a "shuttle vehicle" for seven months prior to being placed on Joe Camp's lot. While a shuttle, the van had experienced problems with the power steering, and a misaligned rear lift gate and rear door. Within the first two weeks after purchase, the Greniers began to have numerous mechanical and electrical problems with the van including those experienced while the van was used as a shuttle. The Greniers took the van back to Joe Camp for repairs. Joe Camp kept the vehicle and attempted to fix

Ralphaell V. Wilkins, Houston, for appellants.

the problems. Unfortunately, the Greniers continued to have difficulties. The van was in and out of the Joe Camp repair shop thirty times within that first year after purchase. Joe Camp, however, attempted to repair the problems each time. Many of the problems, nonetheless, reoccurred. After failing to receive a meeting with the manufacturer's representative, appellants filed suit.

By their first point of error, appellants claim that the definition of "new motor vehicle" in the court's jury charge was an impermissible comment on the weight of the evidence.[1] The court submitted a definition that a

> "New Motor Vehicle" means a motor vehicle which has not been the subject of a "retail sale" without regard to the mileage of the vehicle.

The court extracted the definition entirely from the Texas Motor Vehicle Commission Code. Tex.Rev.Civ.Stat.Ann. art. 4413(36), § 1.03(2) (Vernon Supp.1994). The Code defines which motor vehicles a dealer may identify or claim as "new." Appellants object to inclusion of the definition because it had the effect of removing from the case the crucial issue of the van's condition. Appellants claim that the definition gave undue exaggeration to the vehicle's sales history which was not at issue. Appellants argue that by giving the definition, the court informed the jury that Joe Camp did not misrepresent the condition of the van.

A trial court has great discretion in submitting instructions and definitions to the jury. *Harris v. Harris*, 765 S.W.2d 798, 801 (Tex.App.—Houston [14th Dist.] 1989, writ denied). In framing a jury charge, the trial court must submit such explanatory instructions and definitions as will aid and assist the jury in answering the jury questions submitted. Tex.R.Civ.P. 277; *Redwine v. AAA Life Ins. Co.*, 852 S.W.2d 10, 14 (Tex.App.—Dallas 1993, no writ). After examining the entire charge, we may find that an instruction constitutes an impermissible comment on the

weight of the evidence if we determine that the judge assumed the truth of a material controverted fact, or exaggerated, minimized, or withdrew some pertinent evidence from the jury's consideration. *Moody v. EMC Serv., Inc.*, 828 S.W.2d 237, 244 (Tex.App.— Houston [14th Dist.] 1992, writ denied). An instruction also will be held to be an improper comment on the weight of the evidence if it suggests to the jury the trial judge's opinion concerning the matter about which the jury is asked. *Redwine*, 852 S.W.2d at 14. Although a trial court may not comment on the weight of the evidence, it may incidentally comment where the comment is necessary or proper as part of an explanatory instruction or definition. Tex.R.Civ.P. 277; *Mader v. Aetna Casualty and Sur. Co.*, 683 S.W.2d 731, 733 (Tex.App.—Corpus Christi 1984, no writ).

After reviewing the entire charge, we cannot say that the definition of a new motor vehicle in the jury charge was an impermissible comment on the weight of the evidence. The jury was asked several questions concerning Joe Camp's representations of the van. The jury was asked if Joe Camp committed fraud. That is, if Joe Camp made any material misrepresentations about the van. Another question specifically asked the jurors to determine if Joe Camp represented "that the Aerostar was original or new when it was deteriorated, reconditioned, reclaimed, used or second hand." In their original petition, appellants plead both that Joe Camp had represented the van as new when it was not and had represented it as new when it was "deteriorated, reconditioned, reclaimed, used or secondhand." The definition's effect on the latter is appellant's primary complaint.

The definition in this case, however, was used to aid the jury in determining whether Joe Camp had misrepresented the vehicle's "newness." The definition was certainly appropriate for determining questions of "newness" in regard to Joe Camp's alleged

---

1. Joe Camp argues that appellants failed to preserve their argument concerning a comment on the weight of the evidence. After review the record, however, we are convinced that appellants specifically and properly raised this point in

the trial court. We will, therefore, review their point of error. Tex.R.App.P. 52(a); *see also Redwine v. AAA Life Ins. Co.*, 852 S.W.2d 10, 13 (Tex.App.—Dallas 1993, no writ).

fraud. Likewise, the question did not impermissibly comment on the weight of the evidence as to the van's condition. The jury could have found that even though Joe Camp was justified in labeling and representing the vehicle as new, it was selling a "new" vehicle that was also "deteriorated." A good that is "new" can also be "deteriorated." *See Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725, 728 (Tex.App.—Houston [14th Dist.] 1983, no writ). According to the Texas Motor Vehicle Commission Code, the dealer in this case could represent the van as "new." The definition commented neither directly nor indirectly as to the vehicle's condition.

The definition did not prevent the jury from deciding that the van was not misrepresented as to its condition at the time of purchase. Further, the definition offered no opinion or clues revealing the judge's view of the evidence. Therefore, we find that the trial court did not abuse its discretion by defining new motor vehicle in the jury's charge. Appellant's first point of error is overruled.

By their second point of error, appellants again complain about the definition of "new" in the jury charge. Appellants specifically claim that the trial court erred by defining non-legal term. Appellants, however, failed to raise this point in the trial court. This issue was not properly preserved for appellate review. TEX.R.APP.P. 52(a). Point of error two is overruled.

 By point of error three, appellants complain that the jury finding as to the DTPA issues was so against the great weight and preponderance of the evidence as to be manifestly unjust.[2] If a finding is "against the great weight and preponderance of the evidence" the inquiry is whether the finding is so contrary to the overwhelming weight of all relevant evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Hickey v. Couchman*, 797 S.W.2d 103, 110 (Tex.App.—Corpus Christi

1990, writ denied). The applicable standard of review requires us to examine the entire record to determine whether some evidence supports the failure to find, and then determine, in light of the record, whether the failure to find is manifestly unjust. *Silva v. Enz*, 853 S.W.2d 815, 817 (Tex.App.—Corpus Christi 1993, writ denied). We must be mindful that the jury was not convinced on the issue by a preponderance of the evidence, and reversal is warranted only when the great weight of the evidence supports an affirmative answer. *Id.*

Appellants argue that the testimony of Joe Camp's salesman and owner required an affirmative answer to the DTPA question regarding Joe Camp's failure to disclose information. The jury was asked to determine whether Joe Camp failed to disclose information about the Aerostar that was known at the time of the Aerostar's purchase with the intention to induce appellants into the transaction. While both witnesses testified that the van had in fact had problems associated with its power steering system and a misaligned door before appellants purchased the vehicle, both testified that they were unaware of these facts until after purchase.

The known problems were repaired by the service department at Joe Camp while the van was being used as a shuttle. The Joe Camp salesman also testified that the sales department and the service department kept separate records on the vehicle. The van's mechanical repairs were listed on a statement of service responsibility kept in the service department. When appellants asked the salesman about any problems the van had experienced, the salesman consulted his sales' damage report which only listed a scratch and a repaired dent. He informed appellants of these problems. The salesman stated that he was not aware of the service report and would not have been unless appellants had asked for it. The salesman did not

---

2. Joe Camp contends that appellants did not preserve this point for appellate review. After reviewing the Motion for New Trial, we find that appellants properly presented this issue before the trial court.

 Although appellants also argue no evidence and insufficient evidence points, the proper standard of review is "great weight and preponderance;" appellants had the burden of proof on the DTPA issues at trial. *Hickey v. Couchman*, 797 S.W.2d 103, 109 (Tex.App.—Corpus Christi 1990, writ denied).

seek out the service report nor did appellants ask for it. Appellants, however, knew that the van was a "demo" and had been used by the dealership. Joe Camp's owner further testified that the problems about which appellants complain are all under warranty, and the dealership would repair them. The owner emphasized that the dealership was not required to produce the van's service report unless appellants asked to see it. Further, the problems had been corrected by the service department.

After a review of all the evidence, we conclude that the jury's finding is not clearly wrong or unjust. We cannot say that the question of whether Joe Camp failed to disclose information about the Aerostar that was known at the time of the Aerostar's purchase with the intention to induce appellants into the transaction required an affirmative answer. The jury's inability to find for appellants was not clearly wrong or unjust. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is AFFIRMED.