

## NUMBER 13-11-00292-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

MERCEDEZ ESPINOZA, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF
PANCHITO ESPINOZA JR.,                                          Appellant,

**v.**

JEFFREY STIVORS,                                                       Appellee.

---

### On appeal from the 343rd District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

Appellant Mercedez Espinoza, individually and on behalf of the estate of Panchito Espinoza Jr., filed suit against appellee Jeffrey Stivors.[2] In this suit arising out of a car accident, appellant alleged that appellee was negligent in failing to keep a proper look out, in failing to react in a sufficient time to avoid the accident, in failing to swerve to the right to avoid the accident, and in failing to control speed. Appellant sought damages for wrongful death, loss of consortium, and loss of family consortium. She also sought property damages. Tried to a jury, Panchito, the deceased, was found 100% negligent.

By two issues, appellant contends that the trial court erred (1) in denying her *Daubert* challenge, and (2) in denying her motion for new trial. We affirm.

## I. ANALYSIS

### A. EXPERT CHALLENGE

By her first issue, appellant challenges the trial court's denial of her challenge to appellee's accident reconstruction expert, Michael Raymond Yosko. *See Daubert v. Merrell Dow Pharms, Inc.,* 509 U.S. 579, 590 (1993). Appellant contends that "Yosko did not perform proper calculations, disregarded specific testimony, disregarded open evidence, and was simply unqualified to form a basis for his conclusions." She claims that "[b]y simply picking and choosing the evidence he used in his opinions," Yosko was led "to an unreliable, unfounded and biased conclusion that improperly swayed" the jury's liability findings of 100% against Panchito and 0% against appellee and was "in direct violation of *Daubert.*" Appellant also asserts that Yosko lacked expert qualifications to perform an adequate reconstruction of the accident scene. She argues that harm resulted because Yosko's testimony provided the only support for these findings. We

---

[2] Panchito Espinoza Jr. was the eldest son of appellant Mercedez Espinoza.

disagree because even assuming that the trial court erred in allowing Yosko to offer expert testimony regarding the accident, the error was harmless.

"[A]ny error by the trial court in admitting [an expert's] testimony is not reversible if it is merely cumulative of other evidence, the admission of which . . . [is] not challenged on appeal." *Thornhill v. Ronnie's I-45 Truck Stop, Inc.*, 944 S.W.2d 780, 793 (Tex. App.—Beaumont 1997, writ dism'd). That is, "when the complained-of testimony is cumulative, then any error in its admission is harmless." *VingCard A.S. v. Merrimac Hospitality Systems, Inc.*, 59 S.W.3d 847, 859 (Tex. App.—Fort Worth 2001, pet. denied) (op. on reh'g); *see GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 620 (Tex. 1999) (concluding that the erroneous admission of expert testimony was harmless error because testimony was cumulative of other testimony); *see also* TEX. R. APP. P. 44.1(a)(1) (mandating that no judgment may be reversed on appeal on the ground that the trial court made an error of law unless the error complained of probably caused the rendition of an improper judgment).

In this case, the expert's testimony was cumulative of other testimony that has not been challenged on appeal. *See Thornhill*, 944 S.W.2d at 793. Trooper Daniel Keese testified that the driver of the Pontiac, the deceased, failed to yield the right of way and that he was at fault for the accident. Additionally, the police report from the accident indicates that "Panchito Espinoza Jr. failed to stop at [the] stop sign." The jury also had before it an investigation report by Sergeant Robert Wright of the Mathis Police Department. In that report, Sergeant Wright stated that Espinoza's vehicle "failed to yield right away [sic] at the intersection (stop sign)." In addition, although Eric Espinoza,

Panchito's younger brother and a passenger in the vehicle, testified that his brother stopped the car at the stop sign—they "just kind of settled in"—he also agreed that Panchito should have stayed at the stop sign and waited until appellee's truck passed before going through the intersection. Finally, appellee testified that Panchito pulled out in the intersection which left appellee with no time to react. According to appellee, "as soon as [Panchito's] vehicle appeared, [appellee's] initial reaction was to slam on the brakes. But there was impact before that could happen." In appellee's opinion, he was not even one percent responsible; it was totally Panchito's fault.

Absent the expert testimony, the jury could have relied upon this evidence and concluded that Panchito failed to yield the right of way and/or did not stop at the stop sign and caused the accident. The jury could have concluded that appellee did nothing to cause the occurrence or injury. At most, the expert testimony appellant finds objectionable was merely cumulative of the foregoing evidence that was sufficient to support the jury's verdict that Panchito was 100% negligent. Accordingly, assuming without deciding that the trial court erred in admitting Yosko's expert testimony, we conclude that Yosko's testimony is cumulative of similar evidence from other sources that Panchito was negligent and appellee was not. Thus, error, if any, constitutes harmless error.[3] *See VingCard*, 59 S.W.3d at 859; *GTE Sw.*, 998 S.W.2d at 620; *see also* TEX. R. APP. P. 44.1(a)(1). We overrule appellant's first issue.

---

[3] To the extent appellant is arguing that she established reversible error by showing that the jury could not have found appellee 0% negligent in the absence of the expert testimony, we are not persuaded by this argument. Appellant must show that the jury could not have found that Panchito was more than fifty percent responsible. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 (West 2008) (providing for proportionate responsibility). Therefore, even had other evidence established that appellee was 49% responsible and Panchito was 51% responsible, the trial court's take-nothing judgment would still have been proper.

**B.  Evidentiary Challenge**

By her second issue, appellant contends that the jury's negligence findings were against the great weight and preponderance of the evidence.  In support of this contention, appellant refers this Court to appellee's testimony that he never saw Panchito's vehicle.  She argues that because of this alleged failure to keep a proper lookout, appellee did not take any type of preventive or evasive action to avoid the accident except for trying to hit the brakes.  Appellant asserts that despite this testimony, the jury was persuaded by the unfounded evidence presented by Yosko, whose conclusions led the jury to believe that Panchito ran the stop sign.  Appellant argues that this directly contravenes the only eyewitness testimony given by Eric that his brother did, in fact, stop at the stop sign.

The standard of review for a challenge to the great weight and preponderance of the evidence is whether the finding is so contrary to the overwhelming weight of all relevant evidence as to be clearly wrong and unjust.  *Grenier v. Joe Camp, Inc.*, 900 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1995, no writ); *see Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).  The reviewing court examines the entire record to determine whether some evidence supports the jury's finding.  *Silva v. Enz*, 853 S.W.2d 815, 817 (Tex. App.—Corpus Christi 1993, writ denied).  The court sets aside the finding only if it is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.  *Cain*, 709 S.W.2d at 176; *Thomas v. McNair*, 882 S.W.2d 870, 882 (Tex. App.—Corpus Christi 1994, no writ).

The flaw in appellant's argument is that it requires this appellate court to ignore

5

evidence heard by the jury. *See Silva*, 853 S.W.2d at 817. The evidence discussed above supports a determination that Panchito pulled out into the intersection such that appellee had no time to react. Trooper Keese placed no fault on appellee because he had less than a second to react. Appellee confirmed that Panchito pulled out in the intersection and left him with no time to react. Moreover, the jury also heard Eric testify that he was looking down at the time and acknowledged that his brother should have waited for appellee's car to pass before entering the intersection. In addition, Trooper Keese testified that Panchito was at fault whether or not he stopped at the stop sign, because Panchito failed to yield the right of way and pulled out in front of appellee's vehicle. According to Trooper Keese, stopping at the stop sign was not a factor in determining fault.

Therefore, even without considering Yosko's expert testimony, we conclude that the jury's findings that Panchito was 100% negligent and that appellee was not negligent are consistent with the weight and preponderance of the evidence. The findings are not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176; *Thomas*, 882 S.W.2d at 882; *see also Grenier*, 900 S.W.2d at 851. We overrule appellant's second issue.

## II. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 26th
day of January, 2012.

6